IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MICHAEL HERSHKOWITZ,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**JOHN DOE**,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Michael Hershkowitz ("Plaintiff Hershkowitz" or "Hershkowitz") brings this Class Action Complaint and Demand for Jury Trial against Defendant John Doe ("Defendant" or "Doe") to stop Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing telemarketing calls to consumers without consent including pre-recorded calls and calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Hershkowitz, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Hershkowitz is a resident of St. Louis, Missouri.

2. Defendant Doe is an individual or company whose true legal name is currently unknown to Plaintiff. Plaintiff will amend this Complaint to reflect Doe's true legal name when ascertained.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant directed the calls at issue to Plaintiff into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does business in this District and the Plaintiff resides in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 3.7 billion robocalls were placed in October 2025 alone, at a rate of 120.6 million per day. www.robocallindex.com (last visited November 24, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Doe is believed to be a debt resolution corporation that provides debt resolution services for consumers, based on the calls received by Plaintiff Hershkowitz.

15. Defendant Doe places calls to consumers to generate business.

16. Defendant Doe places calls using pre-recorded messages, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

17. Defendant Doe places calls to consumers who registered their phone numbers on the DNC.

18. In response to these calls, Plaintiff Hershkowitz brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

**PLAINTIFF HERSHKOWITZ'S ALLEGATIONS**

19. Plaintiff Hershkowitz is the sole owner and user of his cell phone number ending in 4484.

20. Plaintiff Hershkowitz registered his cell phone number on the DNC on September 11, 2019.

21. Plaintiff Hershkowitz uses his cell phone number for personal use only as one would use a landline telephone number in a home.

22. Plaintiff Hershkowitz uses his cell phone primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household purposes.

23. Plaintiff Hershkowitz's cell phone plan is paid for by Plaintiff himself.

24. Plaintiff Hershkowitz has never had his cell phone number associated with a business.

25. On May 29, 2025, Plaintiff Hershkowitz began receiving unsolicited calls regarding debt consolidation loans.

26. Each call that Plaintiff Hershkowitz received resulted in a pre-recorded voicemail, as will be detailed below.

27. Plaintiff Hershkowitz received the following unsolicited calls, all of which resulted in similar pre-recorded voicemails:

| DATE | TIME | NUMBER CALLED FROM |
|---|---|---|
| 7/14/25 | 7:02pm | 9346009675 |
| 7/14/25 | 6:55pm | 5854889711 |
| 7/11/25 | 3:50pm | 6319169992 |
| 7/11/25 | 3:46pm | 8458819111 |
| 7/11/25 | 3:33pm | 9349459983 |
| 7/11/25 | 12:07pm | 6802906732 |
| 7/11/25 | 12:04pm | 5857749822 |
| 7/10/25 | 5:08pm | 8457889216 |
| 7/10/25 | 3:00pm | 5856779767 |
| 7/10/25 | 11:17am | 8455296034 |
| 7/9/25 | 1:09pm | 8459830314 |
| 7/9/25 | 11:14am | 6079909905 |
| 7/8/25 | 12:55 | 5185686864 |
| 7/7/25 | 12:10pm | 6808806937 |
| 7/7/25 | 9:51am | 8386360988 |
| 7/5/25 | 11:09am | 8388339748 |
| 7/5/25 | 10:02am | 6079663818 |
| 7/3/25 | 2:02pm | 6802559354 |
| 7/3/25 | 12:28pm | 5188260136 |
| 7/2/25 | 8:57AM | 8382400570 |
| 7/1/25 | 9:43AM | 5189957607 |
| 6/30/25 | 10:26AM | 6074409949 |
| 6/30/25 | 9:22AM | 7165086326 |
| 6/27/25 | 3:31pm | 9149169705 |
| 6/26/25 | 6:59pm | 6319459955 |
| 6/26/25 | 2:28PM | 6074490906 |
| 6/26/25 | 9:43AM | 5856779293 |
| 6/25/25 | 5:14PM | 8458409112 |
| 6/24/25 | 12:42PM | 7167749816 |
| 6/23/25 | 9:42AM | 8382360659 |
| 6/21/25 | 12:46PM | 8457719076 |
| 6/20/25 | 5:12PM | 7164556323 |
| 6/20/25 | 10:07AM | 8459173025 |
| 6/19/25 | 4:30PM | 6076069885 |
| 6/19/25 | 4:25PM | 7165679617 |
| 6/19/25 | 2:02PM | 7167579846 |
| 6/18/25 | 3:00PM | 6073549604 |
| 6/18/25 | 12:35PM | 6804889786 |
| 6/16/25 | 4:36PM | 7164524520 |
| 6/14/25 | 1:21PM | 5187396773 |

| | | |
|---|---|---|
| 6/13/25 | 5:34PM | 9349429823 |
| 6/12/25 | 2:59PM | 6075269812 |
| 6/12/25 | 12:06PM | 6078679587 |
| 6/11/25 | 5:37PM | 5189088118 |
| 6/10/25 | 8:51AM | 8382260543 |
| 6/7/25 | 3:46PM | 6808083449 |
| 6/6/25 | 2:14PM | 5189334503 |
| 6/5/25 | 1:32PM | 6076209140 |
| 6/4/25 | 12:33PM | 8456761028 |
| 6/2/25 | 9:11AM | 5857749950 |
| 5/31/25 | 3:59PM | 5189319472 |
| 5/30/25 | 12:48PM | 6802339505 |
| 5/29/25 | 6:46PM | 6319859833 |

28. For example, on June 2, 2025 at 9:11 AM, Plaintiff Hershkowitz received an unsolicited call to his cell phone from 585-774-9950.

29. This call was not answered, but a pre-recorded voicemail was left stating:

> "This is the underwriting department. A $62,300 debt consolidation loan is now available featuring payments of just $472 a month. Press '2' to connect or '9' to decline. Once again, that's press '2' to be connected with a live agent or '9' to be placed on our do not call list."

30. Plaintiff could tell that the voicemail is pre-recorded because it sounds robotic, the intonation is unnatural and sounds computer-generated, and the voicemail instructs the recipient to press '2' to speak to a live agent or '9' to be added to a do not call list. The voicemail also ended with over 10 seconds of dead silence.

31. On June 4, 2025 at 12:33 PM, Plaintiff Hershkowitz received other unsolicited calls to his cell phone, this time from 845-676-1028.

32. This call was not answered, but a pre-recorded voicemail that is identical to the June 2nd voicemail was left, stating:

> "This is the underwriting department. A $62,300 debt consolidation loan is now available featuring payments of just $472 a month. Press '2' to connect or '9' to decline. Once again, that's press '2' to be connected with a live agent or '9' to be placed on our do not call list."

33. Plaintiff could tell that the voicemail is pre-recorded because it is identical to the June 2, 2025 voicemail, as well as other voicemails that Plaintiff received, it sounds robotic, the intonation is unnatural and sounds computer-generated, and the voicemail instructs the recipient to press ‘2’ to speak to a live agent or ‘9’ to be added to a do not call list. The voicemail also ended with over 10 seconds of dead silence.

34. On June 20, 2025 at 10:07 AM, Plaintiff Hershkowitz received another unsolicited call to his cell phone, this time from 845-917-3025.

35. This call was not answered, but a pre-recorded voicemail was left stating:

> “… pending offer of $50,000 in the form of a personal loan. The estimated payment is $425. To speak to a representative, please press ‘2’. If you wish not to be contacted again, please select ‘9’. To confirm, select ‘2’ to speak with us and press ‘9’ to stop these calls.”

36. Plaintiff Hershkowitz could tell that this voicemail is pre-recorded because it is identical to other voicemails that Plaintiff received, it sounds robotic, the intonation is unnatural and sounds computer-generated, and the voicemail instructs the recipient to press ‘2’ to speak to a live agent or ‘9’ to be added to a do not call list. The voicemail also ended with over 10 seconds of dead silence.

37. In addition, consumers have complained about the same pre-recorded voicemails online, including:

**Kim S**
6 Jun 2025
+1

States brought to you by Catalyst Financial phone number is 866-450-3339 this is the underwriting department a $62300 debt consolidation loan is now available featuring payments of just $472 a month.

*Caller: Catalyst Financial*
*Call type: Scam suspicion* [3]

[3] https://800notes.com/Phone.aspx/1-866-450-3339

**Chuck**
10 Jun 2025

0

"This message is brought to you by Visionary Lending Network. Our phone number is 866-450-3339. This is the loan qualification department. You are eligible for up to $X in personal loan funds with estimated monthly payments starting at $Y."

*Caller: Visionary Lending Network*
*Call type: Scam suspicion* [4]

**AD dap**
12 Jun 2025

0

This number calls me 4x a day using up my VM storage. I've missed 52 actual important calls because they take up my storage.

*Call type: Unwanted* [5]

## **(516) 866-9817** is a Personal/Payday Loan Robocall

**LISTEN**

0:00 / 0:47

**TRANSCRIPT**

*This message is brought to you by prime source Financial. Our phone number is 866-450-3339 this is the underwriting department. A $78,400 personal loan offer is active for your file with payments as low as $564 monthly. Press two to confirm now. Press nine to stop these updates. Once again, that's press two to be connected with live agents or nine to be placed. On our do not call list.*

**DATE BLOCKED** May 14, 2025 [6] [7]

---

[4] Id.
[5] Id.
[6] https://www.nomorobo.com/lookup/516-866-9817
[7] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/744f64a4-305c-11f0-b8b2-2765969af286



**(518) 430-3190** is a Personal/Payday Loan Robocall

LISTEN

0:00 / 3:36

TRANSCRIPT

*This message is brought to you by prime source financial. Our phone number is 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 this is the underwriting department. A $78,400 personal loan offer is active for your file with payments as low as $564 monthly. Press two to confirm now. Press nine to stop these updates. Once again, that's press two to be connected with live. Agent or nine to be placed on our do not call list.*

DATE BLOCKED May 15, 2025

[8] [9]

38. Plaintiff Hershkowitz was very frustrated by the number of unsolicited calls he received.

39. On July 14, 2025, Plaintiff missed a call from 585-488-9711 that had resulted in another pre-recorded voicemail that states:

> "… relief offer $50,000 in the form of a personal loan. The estimated payment is $425. To speak with a representative, please press '2'. If you wish not to be contacted again, please select '9'. To confirm, select 2 to speak with us and press '9' to stop these calls."

40. Plaintiff could tell that the voicemail is pre-recorded because it begins part of the way through, he received the identical voicemail before, as detailed above on June 20, 2025, and because the intonation of the caller sounds robotic and unnatural.

41. Plaintiff Hershkowitz called 585-488-9711 back shortly after 6:55 PM on July 14, 2025.

42. Plaintiff Hershkowitz got through to an employee named Alexander and explained that he had received multiple calls.

---

[8] https://www.nomorobo.com/lookup/518-430-3190
[9] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/9054c564-31a5-11f0-9d3e-bf38b6e9201d

43. Alexander responded telling Plaintiff Hershkowitz that the reason for the call (that Plaintiff received) was because Plaintiff was pre-approved for a debt consolidation loan.

44. Plaintiff feigned interest in the call, explaining that he would need information about the company itself.

45. Alexander said that Plaintiff could look up the company online and, at first, said he is with Core Lending Group.

46. Plaintiff looked up "Core Lending Group" online, but he couldn't locate it, so he asked Alexander which state Core Lending Group is based out of.

47. Alexander answered, "Irvine, California."

48. Plaintiff still could not locate the company, so Alexander suggested, "Or you can just write, like, Clarity… because it's a group of companies."

49. In stating that Clarity operates a group of companies, Alexander acknowledged that Core Lending Group is connected to the Clarity that he referenced.

50. Alexander confirmed that Clarity is located in Irvine, California.

51. There was a website online (no longer active as of November 19, 2025) for a corelendinggroup.com that providing funding solutions for the purchase or rehab of a property, loan refinancing, and property funding.[10]

52. The website shows that this company uses the name Core Capital Lending, that's the corporate name is Core Capital Lending LLC and that it is based in Pittsburgh, Pennsylvania.[11]

---

[10] https://web.archive.org/web/20250324061820/https://www.corelendinggroup.com/
[11] Id.

53. Core Capital Lending is not the same as the company name that Alexander mentioned to Plaintiff as the location is different and Core Capital Lending does not offer debt resolution services.

54. Throughout this call, Alexander offered details about a debt resolution program, offered to open a file for Plaintiff Hershkowitz and otherwise referred to himself not as an agent, but as representative of Clarity using statements like, “We pay your creditors off,” and “We waive the interest.”

55. Later in the call, Alexander attempted to send an email to Plaintiff Hershkowitz.

56. Plaintiff Hershkowitz confirmed that the email was being sent from Alexander K from Alliant Solution Group.

57. Plaintiff Hershkowitz asked who Alliant Solution Group is and was told that Alliant Solution Group is who Alexander works for, and that it’s a US-based company.

58. Plaintiff looked up Alliant Solution Group, which Alexander spelled out for him letter-by-letter.

59. Plaintiff could not locate Alliant Solution Group so Alexander disconnected the call.

60. As of November 24, 2025, there is no legal entity registered under the name Alliant Solution Group.

61. Alexander is the only employee that Plaintiff spoke to during this call.

62. Based on a search of Core Lending Group, no such entity exists in Irvine, California and there are no entities registered using the name Core Lending Group in California.

63. Plaintiff believes that all of the pre-recorded voicemails that he received were from the same Doe because he received the same voicemail multiple times, as detailed above.

64. In addition, all of the voicemails contain a similar format which is that they are all pre-recorded, they all begin with a notification about a pending loan, specify a loan repayment number, and indicate that Plaintiff can press '2' to speak to a live agent or press '9' to stop the calls.

65. It is nearly impossible to further identify the caller and the identity of "Clarity" and "Alliant Solution Group" except through a subpoena.

66. Plaintiff Hershkowitz was not looking for any debt resolution services, or any loans.

67. The unauthorized solicitation calls that Plaintiff received from Defendant Doe have harmed Plaintiff Hershkowitz in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

68. Seeking redress for these injuries, Plaintiff Hershkowitz, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

69. Plaintiff Hershkowitz brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Doe called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) using the same recorded message(s) used to call Plaintiff.

70. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a

controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Hershkowitz anticipates the need to amend the Classes definition following appropriate discovery.

71. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

72. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(c) Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

73. **Adequate Representation**: Plaintiff Hershkowitz will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Hershkowitz has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Hershkowitz and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Hershkowitz nor his counsel have any interest adverse to the Classes.

74. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Hershkowitz. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Hershkowitz and the Pre-Recorded No Consent Class)**

75. Plaintiff Hershkowitz repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

76. The Defendant transmitted unwanted telephone calls to Plaintiff Hershkowitz and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

77. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

78. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Hershkowitz and the Do Not Call Registry Class)**

79. Plaintiff repeats and realleges paragraph 1-74 of this Complaint and incorporates them by reference herein.

80. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

81. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

82. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Hershkowitz and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

83. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Hershkowitz and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

84. As a result of Defendant's conduct as alleged herein, Plaintiff Hershkowitz and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

85. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Hershkowitz requests a jury trial.

**MICHAEL HERSHKOWITZ**, individually and on behalf of all others similarly situated,

DATED this 18th day of March, 2026.

Respectfully submitted,

By:

/s/ Mark Dean
Mark Dean, #44079
1205 Ticonderoga Dr.,
Chesterfield, MO 63017
Phone: (314) 675-0000
Fax: (314) 272-6378
Email: mark@markdeanlaw.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

**Lead Counsel for Plaintiff and the putative Classes*